**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
MANUEL DOMINGO SANTANA,             :
                                    :    Civil Action No.
            Pplaintiff,             :    11-2458 (RBK)
                                    :
      v.                            :
                                    :    **MEMORANDUM OPINION**
FEDERAL BUREAU OF                   :    **AND ORDER**
PRISONS et al.,                     :
                                    :
            Defendants.             :
_____:

     This matter comes before the Court upon the Clerk's receipt of Plaintiff's submission, which: (a) vaguely mentions Plaintiff's other submission, docketed and addressed in <u>Santana v. BOP</u>, 11-2818 (RBK) (N.J.D.); and (b) makes references indicative of Plaintiff's redemptionist/sovereign citizen beliefs. <u>See</u> Docket Entry No. 1.

1. The exact content of Plaintiff's submission cannot be determine from the face of his submission. <u>See</u> <u>id.</u>  Morever, the exact nature of Plasintiff's action cannot be determined

    from the face of his submission. <u>See</u> <u>id.</u>  Finally, Plaintiff's submission arrived unaccompanied by any filing fee or by <u>in</u> <u>forma</u> <u>pauperis</u> application. <u>See</u> <u>id.</u>

2. In the event Plaintiff's instant submission was intended to assert challenges substantively identical to those raised in <u>Santana v. BOP</u>, 11-2818 (RBK) (N.J.D.), this matter is subject to administrative termination as duplicative.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'"  Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

3.  In the event Plaintiff wished to initiate a habeas action challenging matters other than those addressed in Santana v. BOP, 11-2818 (RBK) (N.J.D.), Plaintiff shall clarify the exact determination he is challenging and submit either his filing fee of $5.00 or his in forma pauperis application.  For the purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment [(s)]he delivers it to prison officials for mailing to the district court," Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)), being subject to the same mailbox rule that applies to civil complaints.  See Houston, 487 U.S. 266; McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996). However, the issue of the limitations period aside,

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. [Moreover, an] application is "properly filed" when its delivery

> and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted). Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 42 U.S.C. § 1914(a). The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]." Smith v. Bennett, 365 U.S. 708, 712 (1961). Therefore, a related statute, Section 1915, governs applications filed in forma pauperis ("IFP") and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account

as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b). Consequently, to submit an application to proceed IFP in a habeas case, the prisoner must: (a) complete all questions in his/her affidavit, sign and date that affidavit; and (b) obtain the signature of the appropriate prison official who certifying the prisoner's present and the greatest six-month amounts. See id. The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his/her legal action. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)). If the application to proceed IFP is incomplete, the Court may enter an order denying the application without prejudice and administratively terminating the case; that outcome applies both to civil complaints and habeas petitions. The prisoner's repeated failure to prepay the filing fee or to submit a proper IFP application qualifies as failure to prosecute the prisoner's legal action and, therefore, warrants dismissal.[1] See Hairston, 2009 U.S. App. LEXIS 22770 (affirming dismissal upon the prisoner's persistent refusal to submit a complete IFP

---

[1] Such dismissal is not a dismissal on merits.

application); see also Hernandez v. Martinez, 327 Fed. App'x 340 (3d Cir. 2009) (dismissed for failure to prosecute on the grounds that the prisoner neither prepaid his filing fee nor duly applied for the IFP status); Bridgeman v. Bureau of Prisons, 112 Fed. App'x 411 (6th Cir. 2004) (affirming dismissal of a habeas petition for failure to prosecute on the basis of the prisoner's failure to prepay the filing fee or to properly apply for the IFP status).

4. Alternatively, in the event Plaintiff wished to initiate a civil action, Plaintiff shall also clarify his intentions, detail the facts underlying his challenges and submit either his filing fee or his in forma pauperis application. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a). If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). The PLRA further provides that, if the prisoner

is granted permission to file the complaint <u>in forma pauperis</u>, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b). In addition, if the prisoner is granted permission to proceed <u>in forma pauperis</u>, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action <u>in forma pauperis</u> unless he or she is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

5. Finally, Plaintiff's reference to himself as "Live Human Man," as well as his references to "Supreme Law," while suggesting Plaintiff's redemptionist beliefs, lend no support to his

claims; rather, they render his application frivolous. See Murakush Caliphate of Amexem Inc. v. New Jersey, 2011 U.S. Dist. LEXIS 51887, at *3-9, 78-113 (D.N.J. May 13, 2011). Therefore, Plaintiff is strongly encouraged to omit frivolous allegations from his future submissions.

IT IS, therefore, on this ___6th___ day of ___June___, 2011

ORDERED that the Clerk shall terminate this action, without filing the complaint and without assessing a filing fee against Plaintiff, by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that, in the event Plaintiff wished to initiate a habeas action asserting challenges other than those asserted in Santana v. BOP, 11-2818 (RBK) (N.J.D.), Plaintiff shall submit his habeas petition, detailing the exact determination Plaintiff is challenging and Plaintiff's exhaustion of administrative remedies as to that determination; such submission shall be made together with Plaintiff's filing fee of $5.00 or Plaintiff's in forma pauperis application, as detailed supra; and it is further

ORDERED that, in the event Plaintiff wished to initiate a civil action asserting challenges other than those asserted in Santana v. BOP, 11-2818 (RBK) (N.J.D.), Plaintiff shall submit his civil complaint, detailing the exact events Plaintiff is challenging and – since Plaintiff is a federal prisoner – Plaintiff's exhaustion of administrative remedies as to those

events; such submission shall be made together with Plaintiff's filing fee of $350.00 or Plaintiff's in forma pauperis application, as detailed supra; and it is further; and it is further

ORDERED that, in the event Plaintiff wishes to have this matter reopened, Plaintiff shall elect in favor of one of such submissions (i.e., either a habeas petition or a civil complaint) and make such elected submission within thirty days from the date of entry of this Memorandum Opinion and Order.  Such submission shall state the required information, as detailed supra, and be accompanied by the applicable filing fee or the applicable in forma pauperis application, as detailed supra; and it is finally

ORDERED the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with: (a) a blank civil complaint form; (b) a blank § 2241 petition form; (c) a blank in forma pauperis form for an individual seeking to initiate a habeas action; and (d) a blank in forma pauperis form for an incarcerated individual seeking to initiate a civil action.

s/Robert  B.  Kugler
**ROBERT B. KUGLER**
**United States District Judge**
